NOT DESIGNATED FOR PUBLICATION

No. 126,330

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

YVONNE M. PANDO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Submitted without oral argument. Opinion filed July 5, 2024. Affirmed.

*Darby VanHoutan*, of Kansas Appellate Defender office, for appellant.

*Kristi D. Allen,* assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HURST, P.J., GREEN AND ATCHESON, JJ.

HURST, J.:  Yvonne M. Pando pled guilty to one count of forgery and received a probation sentence with an underlying prison term. After Pando failed to comply with the terms of her probation, the district court revoked Pando's probation and imposed her underlying prison term. Pando appeals the district court's decision, claiming it abused its discretion because no reasonable person would have taken the district court's view. This court disagrees with Pando's assessment. Pando has failed to demonstrate the district court abused its discretion in revoking her probation and imposing her underlying prison term, and the district court is therefore affirmed.

1

In June 2022, Pando pled guilty to one count of forgery for an act she committed in March 2021. The district court sentenced Pando to 18 months of probation with an underlying 19-month prison term. Familiar with Pando, the district court explained that, "if there are problems on this probation I'm going to do everything I can to get you to prison as quickly as I can because that's what you need and that's what the public needs."

As the district court suspected might occur, Pando had problems complying with her probation requirements. Within a few months of sentencing, Pando's probation officer filed a warrant alleging Pando committed the following probation violations: (1) failure to refrain from the use, possession, or consumption of any type of drugs without a prescription; (2) submission of a urinalysis that tested positive for methamphetamines and amphetamines; (3) failure to obtain an alcohol and drug evaluation within 30 days; (4) failure to attend a minimum of three alcoholics anonymous or narcotics anonymous meetings per week and provide written proof of attendance; and (5) failure to make required payments. Pando's probation officer later filed an additional warrant alleging additional probation violations: (1) failure to properly report and (2) failure to begin outpatient drug and alcohol treatment.

Pando waived her right to an evidentiary hearing and admitted to the probation violations. The district court did not revoke her probation but imposed a three-day intermediate "quick dip" jail sanction, elevated Pando's probation supervision from court services to community corrections, and extended the duration of her probation for 18 months from the date of the hearing. In doing so, the district court emphasized Pando's extensive criminal history, discussed her failure to change her behavior, and again warned her that future probation violations could result in the imposition of her underlying prison term:

"Ms. Pando, you have a very lengthy criminal history, going back all the way to when you were a child . . . . I won't go over it all, it's too numerous.

"We have given you court interventions over and over again, we've given you probations over and over again and we have ordered you hey, get on top of these things that are causing you to violate the law and yet we're back. And I still don't seem to understand—you haven't hit bottom. And I think what it's gonna take is prison time.

. . . .

" I . . . mean, she has proven that when she's not addressing her addiction she's committing crimes against the community.

. . . .

". . . Ms. Pando, what I'm going to do is I'm gonna start the graduated sanctions. Unfortunately, I'm bound by that, so that's what I'm gonna do. But I'm gonna check that box, okay. So I'm going to impose the graduated sanction, but once that has been done if there are future probation violations, we're just looking at imp[risonment]."

Less than two months later, Pando's intensive supervision officer (ISO) filed a warrant alleging Pando committed the following new probation violations: (1) admission to the use of alcohol; (2) admission to the use of methamphetamine; (3) commission of two new offenses—driving while suspended and theft; and (4) failure to timely notify her ISO of contact with law enforcement on two separation occasions. After failing to appear at the subsequent probation violation hearing, Pando appeared at the next hearing where she waived her right to an evidentiary hearing and admitted to the alleged probation violations.

Pando requested the district court reinstate her probation; Pando's ISO supported that request. While noting the State typically seeks revocation of probation when the defendant commits a new crime, the State took "the unusual step . . . of asking that the Court reinstate" Pando's probation. The State explained that "the allegation of the new crime is not a crime of violence and . . . the item that was stolen was, in fact, food."

3

The district court rejected those recommendations, revoked Pando's probation, and ordered her to serve her underlying 19-month prison term. The district court explained its reasoning as follows:

"Well, Ms. Pando, the key is—and we've talked about this, I mean, over and over and over and over again, because I mean, this isn't the first case I've had with you. You have to get sober. . . .

. . . .

"And the other significant thing here is you are victimizing the community. It's not one thing where—it's one thing where somebody, you know, they're picking up possession charges, they're picking up public intoxication, things like that. But you look at your record and it's just theft, battery, theft, theft, theft, theft, petty theft, theft, aggravated burglary, theft, criminal restraint, assault, assault, assault, theft, theft, and then this case is a forgery.

"So you're allowing your addiction to victimize people—. . . .

. . . .

"All I see is somebody that habitually and regularly relapses—I won't even call it relapse, because you're not getting sober—goes back to their drug and in the meantime, they're victimizing people. We have attempted court interventions over and over and over again.

"Now, in my disposition I'm not gonna consider the theft, okay, supposedly it was for stealing food; however, I do want to pause, even though I'm not gonna consider it. . . .

. . . .

"I am gonna find that, based on the new offense, the driving while suspended, based on the fact that we have—are already at the highest level of supervision, Community Corrections, and that we've imposed a prior quick dip sanction, that the graduated sanctions don't apply. And I'm going to go ahead and I'll revoke and impose the underlining sentence.

. . . .

"In terms of my disposition of revocation, I'm not considering that she's stealing food, I'm not, that's not a consideration. I'm considering the other violations in that revocation, the quick dip, the prior interventions we've had . . . ."

4

Pando requested a sentence modification, which the district court denied. In its journal entry, the district court stated that it revoked Pando's probation under K.S.A. 22-3716(c)(7) because she committed a new crime and also for Pando's own welfare. The district court further found that the graduated sanctions track was not applicable because Pando had already received a previous intermediate sanction, was already on heightened supervision, and had committed a new crime. Pando appealed.

DISCUSSION

Pando appeals the district court's revocation of her probation, claiming the district court abused its discretion because "no reasonable court would have revoked Ms. Pando's probation based on the alleged violations in light of the underlying facts." Pando claims her history of substance abuse and need for structure and treatment, as well as the joint recommendation of the ISO and the State, demonstrate the district court abused its discretion.

After the State has shown a defendant violated their probation, the district court has discretion to revoke the defendant's probation and impose the underlying prison term unless otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). This court reviews the district court's decision to revoke Pando's probation and impose her underlying prison term for an abuse of discretion. "A court abuses its discretion if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; (3) or is based on an error of fact. [Citations omitted.]" 315 Kan. at 328. Pando bears the burden of establishing such abuse of discretion. See 315 Kan. at 328.

The applicable statutory scheme typically requires the district court to impose intermediate sanctions before revoking a defendant's probation. K.S.A. 2021 Supp. 22-3716(c)(1). However, the district court may revoke a defendant's probation without first

5

imposing an intermediate sanction if the defendant committed a new crime while on probation. K.S.A. 2021 Supp. 22-3716(c)(7)(C).

The district court was not statutorily required to impose an intermediate sanction before revoking Pando's probation for two reasons. First, the district court had already imposed an intermediate sanction of three days in jail after finding Pando violated her probation in the first probation violation hearing. See K.S.A. 2021 Supp. 22-3716(c)(1)(C). Thus, the district court was statutorily permitted to revoke Pando's probation for any subsequent violation. The second reason is that Pando committed the new crime of driving with a suspended license when she was still on probation. See K.S.A. 2021 Supp. 22-3716(c)(7)(C). Although driving with a suspended license may seem like a relatively minor offense to some, it is a misdemeanor criminal offense and satisfies the statutory requirement permitting the district court to revoke a defendant's probation without first imposing an intermediate sanction. See K.S.A. 2021 Supp. 22-3716(c)(7)(C); see also K.S.A. 8-262(a)(1) (defining driving while license suspended as a misdemeanor).

Pando has failed to demonstrate the district court abused its discretion in revoking her probation. She does not allege an error of law or fact but rather claims the district court's decision was so awry that no reasonable person would take the same position. The district court clearly recognized Pando's substance abuse problems and explained that many attempts at rehabilitating Pando through probation had failed. The district court repeatedly implored Pando to address her addiction and warned her that failure to comply with the conditions of probation would cause the court to revoke her probation and impose her underlying prison term. Pando failed to heed those warnings and quickly and repeatedly violated the conditions of her probation. Moreover, Pando continued to violate the terms of her probation—including by committing a new crime—even after the district court imposed an intermediate sanction for previous violations. The district court's

6

decision was not rendered unreasonable merely because Pando's ISO and the State both requested the court reinstate her probation.

CONCLUSION

Pando failed to demonstrate the district court abused its discretion when it revoked her probation. Not only did Pando commit a new crime while on probation, but the district court had previously imposed an intermediate three-day jail sanction for her prior probation violations. The district court did not commit an error of law or fact, and its conclusion that reinstating Pando's probation for a second time would not alter Pando's behavior was not unreasonable. This court simply cannot say that no reasonable person would agree with the district court's decision to revoke Pando's probation and order her to serve her underlying prison term.

Affirmed.